ORIGINAL

FILED
09 DEC 11 PM 3:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

VIA FAX

David S. Blau (Bar No. 166825)
BLAU & ASSOCIATES, P.C.
6080 Center Drive, Suite 550
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Plaintiff,
American Safety Indemnity Company

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants | '09 CV 2778 LAB   AJB <br><br> **COMPLAINT FOR:** <br><br> (1) Declaratory Relief <br> (2) Equitable Contribution <br><br> **JURY TRIAL DEMANDED** |

    COMES NOW plaintiff American Safety Indemnity Company ("ASIC") and alleges against the defendants, and each of them as follows:

### THE PARTIES

    1.    Plaintiff ASIC brings this action for declaratory relief and equitable contribution on its own behalf. ASIC is a corporation organized under the laws of Oklahoma, and was and now is, authorized to transact business in the State of California and adjusted construction defect claims arising out of an action filed

1



against one of its insureds in the County of San Diego wherein many of the facts and circumstances and damages giving rise to this action have occurred.

2. Plaintiff is informed and believes and thereon alleges that National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation organized under the laws of Pennsylvania, and was, and now is, and in fact does transact business in the State of California including the County of San Diego.

3. Plaintiff is informed and believes and thereon alleges that DOES 1 to 10 are entities authorized to do and are doing business in the State of California as insurers. The true names and capacities of the Defendants designated as DOES 1 to 10 are unknown to Plaintiff, and therefore are sued by fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as DOES 1 to 10 is legally responsible in some manner for the matters described in this Complaint and therefore names them as parties. Plaintiff therefore reserves leave to amend this complaint to assert the proper names of each defendant in the future.

## JURISDICTION

4. Plaintiff is a corporation under the laws of the State of Oklahoma, having its principal place of business in the State of Georgia. Defendant National Union is an insurance corporation incorporated under the laws of Pennsylvania, with its principal places of business in New York (corporate offices) and Pennsylvania (state of incorporation). This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs

2

**COMPLAINT**

and interest, seventy-five thousand dollars ($75,000.00.)

## VENUE

5.    Venue is proper in this district in that all Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## BACKGROUND ALLEGATIONS

6.    ASIC issued successive commercial general liability policies to Signs & Pinnick, Inc. ("Signs & Pinnick"), policy numbers XGI 01-2732-001 and XGI 01-2732-002, with effective dates of November 1, 2001, to November 1, 2003, (referred to herein as the "ASIC policies"). The ASIC policies contain various conditions on coverage as well as exclusions.

7.    National Union issued a commercial general liability policy to Signs & Pinnick with effective dates commencing November 1, 2003, to November 1, 2004.

8.    On or about February 16, 1999, Signs & Pinnick contracted with developer 4S Kelwood General Partnership ("Kelwood") to perform work on seven (7) single family home building sites at the "4S Ranch" residential development located at Lone Bluff Way, San Diego, California. Pursuant to the contract, Signs & Pinnick's scope of work included rough grading, subterranean drainage systems, support buttresses and retaining walls, reservoir excavation and finish pad grading. Signs & Pinnick substantially completed its work in June of 2000.

9. On or about, July 12, 2001, Kelwood sold the seven (7) lots to developer, PLC 4S Ranch, LLC ("PLC 4S"). PLC 4S constructed seven (7) homes on the lots. The Notice of Completion dates for these homes are all in November of 2002.

10. PLC 4S sold the seven (7) homes to individual homeowners, who purchased and moved into them in November and December of 2002.

11. On February 15, 2005, Kellwood filed a lawsuit for construction defects and damages against various defendants, including Signs & Pinnik, entitled *4S Kelwood General Partnership, et al. v. Geocon, et al.*, San Diego Superior Case No. GIC871912 (hereinafter referred to as the "Kelwood Action"). The operative Complaint in the Kelwood Action alleged that the homeowners began complaining of soil subsidence problems in 2003. The Complaint further alleged that, following investigation and testing, PLC 4S agreed, as part of a settlement with Kelwood, to pay Kelwood $2,000,000.00 and to assign all claims and rights of PLC 4S against defendants to Kelwood. Also as part of a settlement with the homeowners, Kelwood agreed to purchase back the seven (7) homes at a total cost of $7,215,409.00. Kelwood alleged that they expended, and would continue to expend, considerable amounts to investigate and repair the properties. Per the Complaint, the seven (7) homes are currently owned by Kelwood and occupied by renters.

12. Developer JMIR-Otay Multifamily, LLC contracted with general contractor Wermers Corporation ("Wermers") to construct a three hundred and sixty-four (364) unit apartment complex located at 1020 and/or 1100 Dennery Road, San Diego, California. Thereafter, on October 24, 2001, Wermers entered into a subcontract agreement with Signs & Pinnick to perform grading services

at the project. Signs & Pinnick's work was substantially completed on or before September 23, 2002. The entire project was substantially completed on or before June 25, 2003. On or shortly after October 30, 2003, the project was sold to R & V Management Corporation and assigned soon thereafter, on or before December 19, 2003, to Casoleil, LP, Cliffbridge Manor, LP, and Sunset South Bay, LTD (collectively referred to hereinafter as "Casoleil").

13. On March 13, 2006, Casoleil filed a lawsuit for construction defects and damages against Wermers entitled *Casoleil L.P., et al. v. Wermers Corporation, et al.*, San Diego Superior Case No. GIC862625 (hereinafter referred to as the "Casoleil Action," and combined with the Kelwood Action, collectively referred to herein as the "Underlying Actions"). Thereafter, on or before November 29, 2006, Wermers filed a cross-complaint against various subcontractors, including Signs & Pinnik.

14. The operative Complaint in the Casoleil Action asserts with respect to the purported property damages that:

   a. "Plaintiffs allege that construction and design deficiencies at the Subject Property have developed and occurred over time and have resulted in continuous and progressive physical damage and loss of use of the Subject Property;" and

   b. "Within the past two years, Plaintiffs became aware of facts which thereafter, upon investigation, resulted in Plaintiffs being informed that portions of the Subject Property were not adequately built, constructed, developed, designed, supervised or otherwise improved so that defective conditions exist and do

5

now exist, and accordingly, the Subject Property is defective, not of merchantable quality, and not reasonably fit for its intended purpose."

15. As a result of the Underlying Actions, Signs & Pinnick tendered its defense and indemnity to ASIC. Tenders were also sent to insurer, American International Group, Inc. ("AIG"), the parent company of National Union.

16. Plaintiff is informed and believes and thereon alleges the Underlying Actions involved allegations and claims for property damage which potentially first took place during the effective periods of insurance issued by National Union and DOES 1 to 10.

17. ASIC agreed to defend Signs & Pinnick in the Underlying Actions under a reservation of rights. National Union denied the tenders.

18. To date, ASIC has paid well in excess of $1,000,000.00 (Kelwood Action) and $300,000.00 (Casoleil Action) in connection with the defense of Signs & Pinnick in regard to the Underlying Actions.

19. ASIC is informed and believes that National Union and DOES 1 to 10 issued one or more primary commercial general liability policies and had a duty to defend Signs & Pinnick in the Underlying Actions.

20. Plaintiff is informed and believes and thereon alleges that National Union and DOES 1 to 10 improperly denied the tenders.

21. National Union and DOES 1 to 10 improperly refused to participate

COMPLAINT

in the defense of Signs & Pinnick in the Underlying Actions.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DECLARATORY RELIEF AGAINST NATIONAL UNION AND DOES 1 TO 10

22.  Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.  An actual, present and justiciable controversy has arisen and now exists between ASIC and Defendants concerning the parties' respective rights, duties and obligations in that ASIC contends, pursuant to the terms of Defendants' policies issued to Signs & Pinnick, Defendants were each required to participate in the defense of Signs & Pinnick in connection with the Underlying Actions, and Defendants dispute this contention.

24.  By reason of the foregoing, Plaintiff seeks a judicial determination of the parties' respective duties under their respective insurance policies in connection with the defense of Signs & Pinnick in the Underlying Actions.

### SECOND CAUSE OF ACTION
### EQUITABLE CONTRIBUTION AS AGAINST NATIONAL UNION AND DOES 1-10

25.  Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though set forth fully herein.

7

---
**COMPLAINT**

26. National Union has failed and refused to fulfill its duty to defend Signs & Pinnik in connection with the Underlying Actions leaving ASIC no choice but to pay in excess of its fair share of said defense costs.

27. By reason of National Union's failure and refusal to participate in the defense of Signs & Pinnick in the Underlying Actions, National Union has damaged ASIC and is liable to ASIC for any sums expended by ASIC to defend Signs & Pinnik in the Underlying Actions that are in excess of ASIC's equitable share.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a declaration that Defendants had a duty to defend Signs & Pinnick in connection with the claims, demands, and causes of action alleged in the Underlying Actions;

2. For a declaration of each party's proportionate or equitable share of contribution toward the defense of Signs & Pinnick in the Underlying Actions;

3. For compensatory damages for declaratory relief and/or contribution according to proof, and interest thereon including prejudgment interest, in an amount within the jurisdiction of this Court;

4. For costs of suit incurred herein; and

5.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: December 11, 2009         BLAU & ASSOCIATES, P.C.

By: _____
David S. Blau
Attorney for Plaintiff
American Safety Indemnity Company

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Trial by Jury.

Respectfully submitted,

DATED: December 11, 2009     BLAU & ASSOCIATES, P.C.

By: _____
David S. Blau
Attorney for Plaintiff
American Safety Indemnity Company

ORIGINAL

FILED

VIA F...

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
American Safety Indemnity Co., an Oklahoma Corporation,

(b) County of Residence of First Listed Plaintiff   Oklahoma County, OK
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
David S. Blau (SBN 166825), Blau & Associates, P.C., 6080 Center Drive, Suite 550, Los Angeles, CA 90045, (310) 410-1900

## DEFENDANTS
National Union Fire Ins. Co. of Pittsburgh, Pa.; a Pennsylvania Corporation; and DOES 1 through 10, inclusive,

09 DEC 11 PM 3:52

County of Residence of First Listed Defendants Unknown (PA)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'09 CV 2778 LAB AJB

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 (diversity)
Brief description of cause:
Declaratory Relief, Contribution, Subrogation (carrier vs. carrier Insurance coverage)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE  12/11/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 8214   AMOUNT 350.—   APPLYING IFP   JUDGE   MAG. JUDGE
12/11/09

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008214
Cashier ID: sramirez
Transaction Date: 12/11/2009
Payer Name: ACE MESSENGER
----------------------------------
CIVIL FILING FEE
 For: AMERICAN SAFETY  V. NAT. UNION
 Case/Party: D-CAS-3-09-CV-002778-001
 Amount:         $350.00
PAPER COPIES
 For: AMERICAN SAFETY  V. NAT. UNION
 Amount:         $1.00
----------------------------------
CHECK
 Check/Money Order Num: 43062
 Amt Tendered: $351.00
----------------------------------
Total Due:      $351.00
Total Tendered: $351.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```