# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>　　　　　Defendant. | CASE NO. 09CV2778 DMS (WVG)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 19, 21]** |

　　　　This matter comes before the Court on Plaintiff's motion for partial summary judgment and Defendant's motion for summary judgment. The motions are fully briefed and ready for disposition. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

## I.
## BACKGROUND

　　　　Plaintiff American Safety Indemnity Company issued two commercial general liability insurance policies to grading contractor Signs & Pinnick, effective 11/01/01 to 11/01/02 and 11/01/02 to 11/01/03. (Joint Stipulation of Facts for Cross-Motions ¶1.) Defendant National Union Fire Insurance Company of Pittsburgh, PA issued a commercial general liability insurance policy to Signs & Pinnick, effective 11/01/03 to 11/01/04. (*Id.* ¶ 2.)

///

In 1999 and 2000, contractor Signs & Pinnick performed grading work on seven single family home building sites at the 4S Ranch residential development located on Lone Bluff Way in San Diego, California. (*Id.* ¶ 4.) On February 15, 2005, a lawsuit was filed in San Diego Superior Court against several defendants, including Signs & Pinnick, alleging construction defects at the 4S Ranch development. (*Id.* ¶ 5.)

In 2001 and 2002, Signs & Pinnick performed grading work at an apartment project called Casoleil in San Diego, California. (*Id.* ¶ 9.) On March 13, 2006, a lawsuit was filed in San Diego Superior Court against the general contractor of the Casoleil project alleging various construction defects. (*Id.* ¶ 10.) On November 29, 2006, the general contractor filed a cross-complaint against various subcontractors, including Signs & Pinnick. (*Id.* ¶ 11.)

Plaintiff defended Signs & Pinnick in the 4S Ranch litigation and the Casoleil litigation, and incurred fees and costs in doing so. (*Id.* ¶¶ 6, 8, 12, 14.) Defendant refused to defend Signs & Pinnick in either litigation pursuant to a full reservation of rights. (*Id.* ¶¶ 7, 13.)

On December 11, 2009, Plaintiff filed the present case against Defendant alleging claims for declaratory relief and equitable contribution. The present motions followed.

## II.

## DISCUSSION

Both motions raise the issue of whether Defendant had a duty to defend Signs & Pinnick in the underlying state court actions. Plaintiff asserts Defendant had a duty to defend under the terms of its policy, while Defendant argues its policy explicitly negated that duty.

**A.  Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome

/ / /

1  of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v.*
2  *Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

3        The burden then shifts to the opposing party to show that summary judgment is not
4  appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all
5  justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255
6  (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory
7  allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific
8  facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's*
9  *Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require
10 plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than
11 a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec.*
12 *Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

13 **B.    Duty to Defend**

14       As the facts of this case are not in dispute, the only issue for the Court is the interpretation of
15 Defendant's insurance policy. "Although they have special features, the ordinary rules of contractual
16 interpretation apply to insurance agreements." *General Star Indemnity Co. v. Superior Court*, 47 Cal.
17 App. 4th 1586, 1592 (1996) (citing *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.*,
18 9 Cal. 4th 27, 37 (1994)). The purpose of these rules "is to give effect to the mutual intention of the
19 parties, and such intent is to be inferred, if possible, solely from the written provisions of the contract."
20 *Id.* (citing *La Jolla Beach & Tennis Club*, 9 Cal. 4th at 37). "'If contractual language is clear and
21 explicit, it governs.'" *Id.* (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)).
22       The policy at issue here generally provides: "We will pay those sums that the insured becomes
23 legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this
24 insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking
25 those damages." (Joint Notice of Lodgment in Supp. of Cross-Mots., Ex. 1 at 6.) However, the Self-
26 Insured Retention ("SIR") endorsement attached to the policy deletes this language "in its entirety"
27 and replaces it with the following:
28       We will pay on behalf of the Insured those sums in excess of the Retained Limit that
         the Insured becomes legally obligated to pay as damages because of "bodily injury"

1  or "property damage" to which this insurance applies.  We will have the right *but not the duty* to defend any 'suit' seeking those damages.

2

3  (*Id.* at 58) (emphasis added).

4  Defendant argues the language in the SIR endorsement is clear and explicit, and it negates
5  Defendant's duty to defend in its entirety.  In support of this argument, Defendant cites *General Star*.
6  In that case, as here, the defendant argued it "had no duty to defend according to the plain wording
7  of the SIR endorsement, nor any other duties until after exhaustion of [the insured's] Retained Limit."
8  47 Cal. App. 4th at 1591.  The SIR endorsement at issue in *General Star*, like the endorsement in this
9  case, stated at the top of the form: "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE
10 READ IT CAREFULLY."  *Compare id.* at 1590 *with* Joint Notice of Lodgment in Supp. of Cross-
11 Motions, Ex. 1 at 58.  The substance of the endorsement in *General Star*, like the endorsement at issue
12 here, also stated "that General Star 'shall have the right *but not the duty* to assume charge of the
13 defense and/or settlement of any claim or 'suit' brought against [the insured].'"  47 Cal. App. 4th at
14 1590.  The trial court found this language did not negate the insurer's duty to defend, but the court of
15 appeal reversed that decision.  It found the language of the endorsement was "plain," and that
16 "General Star had no duty to defend."  *Id.* at 1592-93.

17 The similarities between the policy at issue in *General Star* and the policy at issue here support
18 the conclusion that Defendant had no duty to defend Signs & Pinnick in the underlying state court
19 actions.  In an effort to avoid this result, Plaintiff argues *General Star* is "fundamentally
20 distinguishable from the present case" in that the duty to defend language in *General Star* was related
21 to the SIR whereas the duty to defend language at issue here is not related to the SIR.  (Pl.'s Opp'n
22 to Def.'s Mot. at 10-11.)  However, the Court finds this distinction lacking.  In both policies, the duty
23 to defend language is included in the SIR endorsement, and is therefore related thereto.  The *General*
24 *Star* policy is different from the policy at issue here in that the General Star policy provides for
25 "reinstatement" of the duty to defend whereas the policy at issue here does not, but that fact was
26 irrelevant to the *General Star* court's interpretation of the policy language, and it does not compel a
27 different result in this case.

28 / / /

Nevertheless, Plaintiff argues the policy language at issue here is unenforceable for two primary reasons. First, Plaintiff asserts the duty to defend language is inconspicuous. However, the language and form of the endorsement is similar to that in *General Star*, and that court found the "terms of General Star's policy are plain." 47 Cal. App. 4th at 1593. Plaintiff fails to explain why a different result should apply here. Second, Plaintiff argues the SIR endorsement was not signed. (Mem. of P. & A. in Supp. of Pl.'s Mot. at 7-8.) However, "there is no requirement that every rider attached to a policy must ... be signed." *Harrison v. Cal. State Auto. Ass'n Inter-Insurance Bureau*, 56 Cal. App. 3d 657, 665 (1976).[1]

Plaintiff's strongest argument is that there is an ambiguity between the SIR endorsement and the endorsement for continuing or progressive injury or damage ("the C&P endorsement"). Like the SIR endorsement, the C&P endorsement amends Section 1, Coverage A, Paragraph 1, Insuring Agreement, a. (Joint Notice of Lodgment in Supp. of Cross-Motions, Ex. 1 at 54.) While the SIR endorsement substitutes an entirely new paragraph a, the C&P endorsement adds a third subparagraph to paragraph a such that paragraph a, in its entirety, now reads:

> We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right but not the duty to defend any "suit" seeking those damages. We may at our discretion and expense, participate with you in the investigation of any "occurrence" and the defense or settlement of any claim or "suit" that may exist. But:
>
> (1) The amount we will pay for damage is limited as described in SECTION III - LIMITS OF INSURANCE; and
>
> (2) Our right to defend, if we so exercise it, ends when we have exhausted the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> (3) In the event of continuing or progressive "bodily injury" or "property damage" over any length of time, we will have no duty to defend or investigate any "occurrence", claim or "suit" unless such "bodily injury" or "property damage" first commenced during the policy period.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under ALLOCATED LOSS ADJUSTMENT EXPENSES - COVERAGES A AND B.

---

[1] Plaintiff also argues the SIR endorsement is unenforceable because it was not part of the policy issued to the insured. In light of the Court's finding below, the Court declines to address this argument.

(*Id.* at 54, 58.)

Plaintiff argues paragraph a is ambiguous in that the introductory paragraph seemingly removes the duty to defend while subparagraph (3) assumes the existence of a duty to defend. Defendant does not directly dispute this argument, but instead argues that the SIR endorsement should control over the C&P endorsement for two reasons. First, Defendant asserts the SIR endorsement should control because it comes after the C&P endorsement in the policy packet. However, Defendant admits "there is no California authority on point with regard to this issue[.]" (Def.'s Opp'n to Pl.'s Mot. at 9.) Second, Defendant contends the SIR endorsement should control because it can be given effect standing alone. However, that approach is contrary to the general rules of contract interpretation, which state, "A contract is to be construed as a whole, 'so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.'" *McCaskey v. Cal. State Auto. Ass'n*, 189 Cal. App. 4th 947, ___, 118 Cal. Rptr. 3d 34, 52 (2010) (quoting Cal. Civ. Code § 1641).

Applying that rule to the language at issue here results in a finding that there is an ambiguity in the contract over the duty to defend. Because "doubts as to meaning must be resolved against the insurer[,]" *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 269 (1966), the Court finds Defendant did have a duty to defend Signs & Pinnick under the policy.

## III.
## CONCLUSION

For these reasons, the Court grants Plaintiff's motion for partial summary judgment and denies Defendant's motion for summary judgment.

**IT IS SO ORDERED**.

DATED: January 3, 2011

_____
HON. DANA M. SABRAW
United States District Judge